IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02095-BNB

STEVIE BROWN,

      Applicant,

v.

SHERIFF KIRK TAYLOR,

      Respondent.

---

## ORDER OF DISMISSAL

---

      Applicant, Stevie Brown, initiated this action by filing *pro se* a pleading titled "Motion to Vacate or Set Aside Judgment and Motion to Compel Court Records" (ECF No. 1) in which he claimed that he had been denied the effective assistance of counsel in case number 2010CR1244 in the County Court of Pueblo County, Colorado.  On August 27, 2012, Mr. Brown filed an amended pleading on the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form.  Mr. Brown claims in his amended pleading that he was denied due process when the state court denied him a continuance, which left him no choice but to accept a plea agreement, and that counsel was ineffective by failing to prepare an adequate defense.  As relief Mr. Brown asks that Pueblo County case number 2010CR1244 be vacated and that he be released from custody.

      The Court must construe the amended pleading liberally because Mr. Brown is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not

be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971); *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). Abstention is appropriate if three conditions are met: "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps*, 122 F.3d at 889.

The first condition is met because Mr. Brown alleges in his original pleading that he has not yet been sentenced in the state court criminal case. (*See* ECF No. 1 at 2.) The second condition also is met because the Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45). With respect to the third condition, Mr. Brown fails to demonstrate the absence of an adequate opportunity to present his claims in the state proceedings.

Mr. Brown "may overcome the presumption of abstention 'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.'" *Phelps*, 122 F.3d at 889 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)). Courts have considered three factors in determining whether a

prosecution is commenced in bad faith or to harass:

> (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

*Id.* It is Mr. Brown's "'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Id.* at 890.

Mr. Brown fails to demonstrate that the criminal case against him was commenced with no reasonable hope of success. He also fails to demonstrate any improper motivation for the charges. Finally, there is no indication that the criminal case against Mr. Brown has been conducted in such a way as to constitute harassment or an abuse of prosecutorial discretion. Therefore, the Court finds that *Younger* abstention is appropriate in this action.

In summary, the instant action will be dismissed because Mr. Brown fails to allege facts that indicate he will suffer great and immediate irreparable injury if the Court does not intervene in the ongoing state court criminal proceedings. If, after the state court judgment is final, Mr. Brown still wishes to pursue his federal constitutional claims in federal court, he must exhaust state remedies before he may file a federal application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Finally, the Court notes that Mr. Brown filed on August 16, 2012, an Emergency Motion for Injunctive Relief (ECF No. 4). Mr. Brown alleges in the emergency motion that he has been denied access to the jail law library and the necessary forms to file the instant action and that he has been denied a medical furlough for a cancer screening

3

test.  Mr. Brown also requests a furlough to undergo tests for cancer in his request for

relief in his amended pleading.  The emergency motion will be denied because the

request for access to the jail law library and forms is moot and the request for a medical

furlough may not be raised in this habeas corpus action.  *See, e.g., Richards v.

Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991) (noting that an individual in state custody

challenging the conditions of his or her confinement generally must seek relief in a civil

rights action pursuant to 42 U.S.C. § 1983).

        For these reasons, the action will be dismissed.  The Court also certifies

pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in

good faith and therefore *in forma pauperis* status will be denied for the purpose of

appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Brown files a

notice of appeal he also must pay the full $455 appellate filing fee or file a motion to

proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit

within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

        ORDERED that the application (ECF No. 1) and the amended application (ECF

No. 5) are denied and the action is dismissed without prejudice.  It is

        FURTHER ORDERED that no certificate of appealability will issue because

Applicant has not made a substantial showing of the denial of a constitutional right.  It is

        FURTHER ORDERED that the Emergency Motion for Injunctive Relief (ECF No.

4) filed on August 16, 2012, is denied.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  5th  day of ___September___, 2012.

BY THE COURT:


___s/Lewis T. Babcock___
LEWIS T. BABCOCK, Senior Judge
United States District Court