IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02095-LTB

STEVIE BROWN,

    Applicant,

v.

SHERIFF KIRK TAYLOR,

    Respondent.

---

ORDER DENYING MOTION TO VACATE JUDGMENT

---

    Applicant, Stevie Brown, filed *pro se* on September 18, 2012, a Motion to Amend Application and/or for Reconsideration (ECF No. 10) in which he apparently asks the Court to reconsider and vacate the Order of Dismissal and the Judgment entered in this action on September 5, 2012. The Court must construe the motion liberally because Mr. Brown is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion will be denied.

    A litigant subject to an adverse judgment and who seeks reconsideration by the district court of that adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will

consider Mr. Brown's motion to reconsider pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted).  Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously.  *See id.*

The Court dismissed the instant action without prejudice pursuant to the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971).  More specifically, the Court determined that consideration of the merits of Mr. Brown's claims in this action necessarily would require the Court to interfere with Mr. Brown's ongoing state court criminal case.

Upon consideration of the motion and the entire file, the Court finds that Mr. Brown fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action.  In fact, because Mr. Brown "does not challenge the courts [sic] inability to review applicant's claims because applicant has, to date, not been sentenced" (ECF No. 10 at 1), it is not clear why he has filed the instant motion to reconsider.  The amendments he seeks to make do not alter the Court's conclusion that

this action properly was dismissed pursuant to the *Younger* abstention doctrine. Therefore, the motion will be denied. Accordingly, it is

ORDERED that the Motion to Amend Application and/or for Reconsideration (ECF No. 10) is DENIED.

DATED at Denver, Colorado, this  20th  day of    September   , 2012.

BY THE COURT:


 s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court